UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

Michael Gresham #272603,

        Plaintiff,        Case No. 2:09-cv-231

v.        Honorable R. Allan Edgar

Jennifer M. Granholm,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against all Defendants except for Defendants Peterson and White. The Court will serve the complaint against Defendants Peterson and White.

**Discussion**

I.       Factual allegations

Plaintiff Michael Gresham #272603, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against numerous state officials and employees. These include Michigan Governor Jennifer M. Granholm, the Michigan State Police, the Ionia County Memorial Hospital, R.N. Patti, R.N. Billy Jo, R.N. Daniel, R.N. Jill, Dr. Mark Renquist, Marquette General Hospital, Inc., the Ionia Maximum Correctional Facility, the Marquette Branch Prison, Assistant Resident Unit Supervisor Nicole Dahl, Assistant Resident Unit Supervisor Steve Kevern, Resident Unit Manager Casey Tallio, Assistant Resident Unit Supervisor Ed Sanderson, Psychologist Fred Pascoe, Psychiatrist Kindra A. Patel, Psychologist Fred Lanus, Psychologist Unknown Dozeman, Psychologist Bob Davis, Administrator Richard B. Stapleton, Grievance Administrator James Armstrong, Unknown Wolf, A. Sherry, Warden Willie O. Smith, Warden Gerald Hofbauer, Resident Unit Officer Unknown Smith, Assistant Resident Unit Supervisor James Downing, Assistant Deputy Warden Erica Huss, Inspector Doug Welton, Inspector Betty Goodson, Resident Unit Manager Unknown Obodenski, R.N. Brian Decren, R.N. Jodi J. Swain, R.N. Joann Bunting, R.N. Unknown Black male, R.N. Megan M. Johnson, R.N. Unknown McLean, R.N. Dan Johnson, Resident Unit Officer Kelly Johnson, R.N. Unknown Tammelin, R.N., R.N. John Gueke, R.N. Shannon Montgomery, R.N. Dan P., R.N. Unknown Kelly, R.N. M. Jordan, R.N. Jeff, Resident Unit Officer Unknown Roznick, Resident Unit Officer Unknown Shultz, Assistant Deputy Warden Demetris Mullen, Resident Unit Manager Ben Mercier, Resident Unit Officer Unknown Peterson, Resident Unit Officer Unknown White, Resident Unit Officer Travis Lahrs, Resident Unit Officer Greg Chapin, Resident Unit Officer Todd Homquist, Resident Unit

Officer T. Jones, Sergeant L. Lemke, Resident Unit Officer Unknown Richardson, Resident Unit Officer Unknown Oviedo, Resident Unit Officer Unknown Smith, Resident Unit Officer Unknown Bledsoe, Resident Unit Officer J. Kerry, R.N. Jody L. LeBarre, Physician's Assistant Unknown Kennerly, R.N. Betty J. Kemp, Litigation Coordinator Aaron Vroman, Phyllis Clement, Nancy Klinesmith, Harold L. Gilkey, Lieutenant Robert Livingston, Resident Unit Manager Ron Embry, Warden N. Norwood, Inspector Jason Wayne, Resident Unit Manager Leslie Beak, Assistant Resident Unit Supervisor B. Scott, and the Michigan Protection and Advocacy Service.

In his complaint, Plaintiff alleges that on July 10, 2009, he was raped by Defendants Peterson and White. In addition, Plaintiff claims that on August 31, 2009, white staff at IMAX used racially derogatory remarks towards him and assaulted him, breaking his nose. Plaintiff states that Defendant Smith failed to investigate this incident. Plaintiff also asserts that Defendants Dozeman, Lanus, and Patel refused him outpatient mental health services so that he would be transferred to the Upper Peninsula.

Finally, the court notes that Plaintiff contends that he was retaliated against by all Defendants because of the fact that he was a legal writer, a confidential informant, and a "voluntary government agent for the United States." Plaintiff claims that the retaliatory treatment included false misconduct tickets, a hostile environment, assaults, denial of food trays, and the denial of access to the courts. However, Plaintiff fails to allege any specific facts in support of his retaliation claims. Plaintiff seeks damages and injunctive relief.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claims that he was raped at the Marquette Branch Prison by Defendants Peterson and White on July 10, 2009, appear to state a claim and may not be dismissed upon initial

screening. However, the court concludes that all of Plaintiff's remaining claims lack merit and are properly dismissed.

Plaintiff claims that Defendant Smith refused to investigate the August 31, 2009, assault which occurred at IMAX. There is no *federal* right to an investigation (and thus no federal claim arises where the investigation is inadequate). *See e.g. Poe v. Haydon*, 853 F.2d 418, 427-428 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989). In addition, liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim

requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendant Smith was personally involved in the August 31, 2009, assault. Defendant Smith's only role in this action involves the failure to investigate the assault. Defendant Smith cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendant Smith are properly dismissed for lack of personal involvement.

Plaintiff claims that Defendants Dozeman, Lanus, and Patel denied him outpatient mental health services. The Eighth Amendment requires prison officials to provide medically necessary mental health treatment to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Government of the Virgin Islands v. Martinez*, 239 F.3d 293, 301 (3d Cir. 2001); *Lay v. Norris*, No.

88-5757, 1989 WL 62498, at *4 (6th Cir. June 13, 1989); *Potter v. Davis*, No. 82-5783, 1985 WL 13129, at * 2 (6th Cir. April 26, 1985). However, Plaintiff fails to allege any facts showing why he required such services. Because there is no indication that such treatment was necessary, Plaintiff's claims against Defendants Dozeman, Lanus, and Patel are properly dismissed.

Finally, as noted above, Plaintiff's remaining claims are entirely conclusory and lack any factual support. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"), *overruled in other part*, *Goad v. Mitchell*, 297 F.3d 497, 502-03 (6th Cir 2002). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff's remaining allegations fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The court need not accept "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Because Plaintiff's remaining allegations are entirely conclusory, not to mention disorganized, rambling, and somewhat incoherent, they are properly dismissed.

The court also notes that Plaintiff's pending motions to amend / correct and for summary judgment (docket #5 and #8) are incoherent and entirely lacking in support. As such they are properly denied. Moreover, Plaintiff's discovery motion (docket #7) is properly denied as it seeks discovery of documents from Governor Granholm, who is being dismissed from this action.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that all of the named Defendants except for Defendants Peterson and White, will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Peterson and White.

An Order consistent with this Opinion will be entered.


Dated: 1/7/2010                                   /s/ R. Allan Edgar
                                                  R. ALLAN EDGAR
                                                  UNITED STATES DISTRICT JUDGE