UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


MICHAEL GRESHAM,

    Plaintiff,

v.                                            Case No. 2:09-cv-231
                                             HON. R. ALLAN EDGAR

UNKNOWN PETERSON, et al.,

    Defendant.
_____/


## REPORT AND RECOMMENDATION

Plaintiff prisoner Michael Gresham filed this complaint against 77 defendants. All defendants, except defendants RUO White and RUO Peterson, were dismissed by this Court on January 20, 2010. Plaintiff claims that on July 10, 2009, he was raped by defendants White and Peterson. On May 6, 2010, the summons for defendants White and Peterson were returned to this Court unexecuted, indicating that there are no resident unit officers at Baraga by those names. Plaintiff's complaint was originally filed on October 7, 2009. Fed. R. Civ. P. 4(m) provides that a complaint should be served within 120 days from the date that it was filed.

Although the remaining defendants have not been served with a summons and complaint, plaintiff has filed a number of motions with the Court. Plaintiff has filed a one page document entitled "Motion For Summary Judgment Rule (56)" (Docket #21). Plaintiff asks the court to grant him summary judgment and schedule a trial against the two remaining defendants, RUO Peterson and RUO White, who have not yet been properly served with a summons and complaint. Plaintiff requests that the court grant discovery and consider the discovered documents as supporting evidence. Plaintiff has filed a second motion for summary judgment (Docket #44) asking for

judgment because the defendants have failed to respond and a trial is necessary because plaintiff can show a genuine issue of material fact. Plaintiff has also filed a motion to produce documents (Docket #22), a motion to scan documents (Docket #25), a motion to compel discovery (Docket #47), and a motion for an order compelling discovery (Docket #59). In the opinion of the undersigned, since defendants have not been served with a summons and complaint, these motions are procedurally improper and should be denied. Additionally, plaintiff has filed a motion to amend his complaint (Docket 60), although he has not submitted a proposed amended complaint. It appears that plaintiff simply wants to add correctional institutions as defendants. Correctional institutions are not parties that can be sued under 42 U.S.C. § 1983. Accordingly, plaintiff's motion to amend should be denied.

In summary, it is recommended that plaintiff's motions (Docket #21, #22, #25, #44, #47, #59 and #60) be denied.[1]

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

   /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 24, 2010

---

[1] In a separate order, the undersigned has granted plaintiff's motion to serve defendants RUO White and RUO Peterson (Docket #56).