UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM,

    Plaintiff,

v.                                        Case No. 2:09-cv-231
                                          HON. R. ALLAN EDGAR

UNKNOWN PETERSON, et. al.,

    Defendants.
_____/

## MEMORANDUM AND ORDER

Plaintiff Michael Gresham, a Michigan state prisoner in the custody of the Michigan Department of Corrections, brings this federal civil rights action under 42 U.S.C. § 1983. On August 25, 2010, Magistrate Judge Timothy P. Greeley submitted his report [Doc. No. 63] recommending that the following motions by plaintiff Gresham be denied: first motion for summary judgment [Doc. No. 21]; motion for production of documents [Doc. No. 22]; motion to scan documents [Doc. No. 25]; second motion for summary judgment [Doc. No. 44]; motion to compel discovery [Doc. No. 47]; motion for an order compelling discovery [Doc. No. 59]; and motion for leave to amend complaint [Doc. No. 60].

Plaintiff has filed a partial objection to the report and recommendation. [Doc. No. 67]. The plaintiff's only objection concerns the recommendation that his motion for leave to amend his complaint under Fed. R. Civ. P. 15(a) be denied. On September 7, 2010, the Clerk of the District Court received from plaintiff Gresham a motion for leave to amend his complaint to add as party

1

defendants four correctional facilities operated by the State of Michigan through the Michigan Department of Corrections (MDOC): the Iona Maximum Correctional Facility, the Marquette Branch Prison, Bellamy Creek Correctional Facility, and the Barraga Maximum Correctional Facility.

The Magistrate Judge recommends that the motion for leave to amend the complaint be denied for two reasons: (1) plaintiff Gresham did not submit his proposed amended complaint for the Court's review; and (2) as a matter of law MDOC's correctional facilities are not persons who can be sued under 42 U.S.C. § 1983. The Court agrees with the Magistrate Judge that the motion to amend the complaint must be denied for both of these reasons.

Plaintiff Gresham argues that he has a right under Fed. R. Civ. P. 15(a) to amend his complaint once as matter of course since the remaining defendants have not yet been served with process. This argument fails. Although a plaintiff generally has a right to amend his complaint under Fed. R. Civ. P. 15(a), he does not have the right to file frivolous and futile amendments.

The Court may deny leave to amend a complaint under Rule 15(a) if the proposed amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005); *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). A proposed amendment to a complaint is futile if it would not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted Fed. R. Civ. P. 12(b)(6). *Miller v. Calhoun County, Michigan*, 408 F.3d 803, 817 (6th Cir. 2005); *Neighborhood Dev. Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980).

The Court concludes that plaintiff Gresham's proposed amendment to his complaint is futile because it could not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. MDOC is a department and agency of the State of Michigan. Bringing suit against MDOC, and any correctional facilities

operated and managed by MDOC, is the same as bringing suit directly against the State of Michigan which is not allowed under 42 U.S.C. § 1983. The State of Michigan is not a "person" subject to suit under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989); *Theriot v. Woods*, 2010 WL 623684, * 3 (W.D. Mich. Feb. 18, 2010). Moreover, the State of Michigan has sovereign immunity from suit under the Eleventh Amendment to the United States Constitution. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Hill v. Michigan*, 62 Fed. Appx. 114, 115 (6th Cir. 2003); *Theriot*, 2010 WL 623684, at * 4; *Burnett v. Michigan Department of Corrections*, 2006 WL 1547248, * 2 (W.D. Mich. June 5, 2006).

Accordingly, the plaintiff's objection to the report and recommendation [Doc. No. 67] is **DENIED**. The Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b).

The following motions by plaintiff Gresham are **DENIED**: first motion for summary judgment [Doc. No. 21]; motion for production of documents [Doc. No. 22]; motion to scan documents [Doc. No. 25]; second motion for summary judgment [Doc. No. 44]; motion to compel discovery [Doc. No. 47]; motion for an order compelling discovery [Doc. No. 59]; and motion for leave to amend complaint [Doc. No. 60].

SO ORDERED.

Date: September 27, 2010.

                                       */s/ R. Allan Edgar*
                                       R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE