UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM,

    Plaintiff,

v.                                          Case No. 2:09-cv-231
                                                         HON. R. ALLAN EDGAR

JENNIFER M. GRANHOLM, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff filed a motion making a number of different requests including a motion for a preliminary injunction to require defendants to provide him with a physical examination by a physician outside the Michigan Department of Corrections and for surgery. Plaintiff claims that he has two hernias, large cysts and possibly suffers with untreated cancer. The remaining defendant in this case is Unknown Peterson. Plaintiff also requests a transfer from the Ionia Maximum Correctional Facility to the Mound Correctional Facility.

        I have reviewed plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that plaintiff will suffer irreparable harm if the requested relief is not granted.

        The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Association v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In exercising that discretion, the court must consider and balance four factors:

> 1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.
>
> 2. Whether the movant has shown irreparable injury.
>
> 3. Whether the preliminary injunction could harm third parties.
>
> 4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, this Court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's "initial burden" in demonstrating entitlement to preliminary injunctive relief is a showing of a strong or substantial likelihood of success on the merits of his Section 1983 action. *NAACP v. City of Mansfield, Ohio*, 866 F.2d 162, 167 (6th Cir. 1989). A review of the materials of record fails to establish a substantial likelihood of success with respect to plaintiff's claim that defendant has violated his federal rights. Prison officials are already required under the Eighth Amendment to provide plaintiff with appropriate medical care. Similarly, plaintiff has presented no valid reason why this court should take the drastic step of requiring his transfer to a

different prison. Furthermore, plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here.

Because plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that plaintiff's motion for a temporary restraining order be denied.

Plaintiff has also moved the court to show cause why the court is not biased in this case. Plaintiff's request is improper. Plaintiff bases the claim of bias on the fact that he has been denied relief in his motion requests. Plaintiff has been denied relief not because of judicial bias against him or in favor of any defendant, but solely because the facts and law have not been on his side. It is not enough for a plaintiff to state that he should be granted relief or for plaintiff to really believe that he should be granted relief. When plaintiff moves for some type of relief he needs to the present the court with facts, not simply statements or conclusions, that support a claim for relief and a legal basis for the court to find in plaintiff's favor. Plaintiff has not properly supported his motions.

Plaintiff also states that he is entitled to a jury trial instead of a bench trial in this case. However, plaintiff never made a proper demand for a jury trial in this case. Fed. R. Civ. P. 38. To the extent that plaintiff objects to his May 18, 2012, deposition, plaintiff never provides any valid reason for such an objection and this matter appears moot.

Accordingly, in the opinion of the undersigned, plaintiff's motion (Docket #143) should be denied.

*NOTICE TO PARTIES*:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within 14 days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley  
    TIMOTHY P. GREELEY  
    UNITED STATES MAGISTRATE JUDGE

Dated:   June 11, 2012