UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GRESHAM,

      Plaintiff,

v.                               Case No. 2:09-cv-231
                               HON. R. ALLAN EDGAR

JENNIFER M. GRANHOLM, et. al.,

      Defendants.

_____/

## MEMORANDUM AND ORDER

Plaintiff Michael Gresham, a Michigan state prisoner in the custody of the Michigan Department of Corrections (MDOC), brings this federal civil rights action under 42 U.S.C. § 1983. Gresham is currently imprisoned at the Ionia Correctional Facility (ICF) in Ionia, Michigan.

The Court dismissed all of Gresham's claims except for the claims against remaining defendants David Peterson and Robert White.[1] [Court Doc. No. 10]. During the time period relevant to his complaint, Gresham was imprisoned in the Marquette Branch Prison (MBP). Defendants Peterson and White were employed by MDOC as residential unit officers at MBP. Gresham claims that he was sexually assaulted and/or raped by defendants Peterson and White in MBP on July 10, 2009. These are the only claims that remain before this Court for adjudication.

On May 10, 2012, the Court received a *pro se* motion from plaintiff Gresham containing multiple requests for relief. [Court Doc. No. 143]. Magistrate Judge Timothy P. Greeley has

---

[1] The Magistrate Judge's report and recommendation incorrectly states that the only remaining defendant is Unknown Peterson.

submitted his report and recommendation that the entire multi-part motion be denied.  [Court Doc. No. 166].  Gresham has filed objections to the report and recommendation accompanied by his "attachments" or supplement to the objections. [Court Doc. Nos. 172, 173].  After reviewing the record *de novo*, the Court concludes that Gresham's objections are DENIED. The Court agrees with the Magistrate Judge's recommendation that Gresham's motion [Court Doc. No. 143] be denied for the following reasons.

## I.     Motion for Preliminary Injunction Under Fed. R. Civ. P. 65(a)

In the motion under review [Court Doc. No. 143], Gresham alleges that he has two hernias and a large cluster of cysts or lumps under his skin which possibly constitute untreated cancer.[2] Gresham contends that MDOC is not providing him with adequate medical treatment (surgery) for the hernias and cysts.  This allegation of inadequate medical care is unrelated to and does not arise out of the subject matter of Gresham's sexual assault/rape claims against defendants Peterson and White.  Gresham improperly seeks to expand the scope of this case to include the allegations that MDOC is not providing him with adequate medical care for his hernias and cysts.

In an effort to obtain more or better medical care for his alleged health problems, Gresham moves for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a).  Gresham wants the Court to issue a preliminary injunction requiring MDOC and/or the defendants to provide him with surgery to repair Gresham's hernias and remove the cysts which may be cancerous.

The Magistrate Judge analyzes the Rule 65(a) motion for preliminary injunction by applying the traditional test of balancing four factors: (1) whether Gresham has shown a strong or substantial likelihood or probability of success on the merits of his claim that he is being denied adequate

---

[2]  In his objections to the report and recommendation, Gresham also alleges that he is not receiving adequate medical treatment from MDOC for his sleep apnea. [Court Doc. No. 172, pp. 1, 5].

medical care; (2) whether Gresham has made a showing that he will suffer irreparable harm without a preliminary injunction; (3) whether the preliminary injunction could cause harm to third parties; and (4) whether the public interest would be served by issuing a preliminary injunction. *McNeilly v. Land*, 2012 WL 2547287 , * 3 (6th Cir. July 3, 2012); *Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994). The Magistrate Judge's report and recommendation finds that Gresham fails to meet his burden of establishing a substantial likelihood or probability of success on the merits of his Eighth Amendment claim that he is being denied necessary medical care. The report and recommendation observes that the prison officials employed by MDOC are already required by the Eighth Amendment to the United States Constitution to provide Gresham with appropriate medical care. [Court Doc. No. 166, p. 2].

In his objection to the report and recommendation, Gresham argues these four elements weigh in his favor. The Court concludes that it is unnecessary to reach the question whether any of the four elements weigh in Gresham's favor under Rule 65. It is not necessary to analyze Gresham's motion for preliminary injunction based on the traditional four-part test. Instead, the motion for preliminary injunction must be denied for a different reason.

Gresham's contention that he is not being provided with adequate medical treatment by MDOC concerning his hernias and cysts is not directly related to the subject matter of his sexual assault/rape claims against defendants Peterson and White. The preliminary injunction sought by Gresham goes far beyond the scope of the pleadings and the subject matter of his pending claims defendants Peterson and White. The claims against defendants Peterson and White are predicated solely on an alleged sexual assault and/or rape which is entirely different from Gresham's contention that he is being deprived of necessary medical care (surgery) for his hernias and cysts in violation of the Eighth Amendment. Gresham's contention that he is being denied adequate medical care is

not a claim or cause of action that has been pleaded in this civil action.  Consequently, the medical care issue is not before the Court for adjudication and it will not go to trial in this case.  Because the motion for preliminary injunction is not related to and does not arise out of the subject matter of Gresham's remaining claims against defendants Peterson and White, the motion must be denied.

In a futile effort to create and dredge up some tenuous connection between these different matters, Gresham raises two arguments.  First, Gresham argues that unless he receives medical treatment (surgery) for the hernias and cysts, it will be impossible to represent himself *pro se* without a court-appointed attorney and complete the taking of discovery depositions.  Second, Gresham alleges that the reason MDOC employees are depriving him of medical care for the hernias and cysts is to retaliate against Gresham for bringing the present federal civil rights lawsuit and other similar lawsuits against officials and employees of MDOC and the State of Michigan.

These two arguments fail.  Gresham's allegations are vague, conclusory and unsupported by probative facts.  The Court is not persuaded that Gresham is unable to proceed with the taking of discovery depositions unless he receives medical treatment (surgery) for the alleged hernias and cysts.  Gresham appears to have sufficient good health and physical strength be able to represent himself since he continues to persistently inundate this Court with a plethora of complaints, motions, briefs, and other documents of every kind.  The numerous *pro se* filings by Gresham in the present case and in other civil lawsuits brought by Gresham in this Court demonstrate that he does not lack the physical ability and energy needed to litigate this case.

Gresham's motion for a preliminary injunction under Rule 65 is DENIED.

## II.   Confiscation of Plaintiff Gresham's Legal Property

In connection with his motion for preliminary injunction, Gresham also moves the Court to order MDOC and officials at ICF to return to him certain books and legal papers or files.  Gresham

contends that MDOC and prison officials at ICF have confiscated, stolen, or lost 13 duffle bags of his legal property. Gresham argues that he needs the legal property to assist him litigating this case.

The issue of the confiscated duffel bags has been brought to the Court's attention in other motions by Gresham. Defendants previously advised the Court that this matter would be the subject of a MDOC administrative hearing at ICF. [Court Doc. No. 153].

To the extent that Gresham moves the Court for a preliminary injunction under Rule 65 to require MDOC and officials at ICF to return the confiscated duffle bags of legal property to Gresham, the motion is DENIED. This is not an appropriate subject for a preliminary injunction. Instead, the issue can be reviewed and decided in the context of a different motion by Gresham. On June 8, 2012, Gresham filed a motion seeking discovery sanctions under Fed. R. Civ. P. 37 combined with a motion seeking the return of his confiscated duffle bags of legal property. [Court Doc. No. 164]. That motion remains pending before the Court.

**III.** **Motion for Mental and Physical Examination Under Fed. Civ. P. 35**

Gresham moves the Court to order that he be provided with physical and mental examinations under Fed. R. Civ. P. 35 to treat his hernias and cysts. Rule 35(a) provides that the Court in its discretion may order a party whose mental or physical condition is "in controversy" to submit to a physical or mental examination by a licensed or certified examiner. The Court has the authority to order a party to produce for such examination a person who is in its custody or under its legal control.

The motion is DENIED. Gresham seeks to improperly use Rule 35 as an avenue to obtain medical treatment (surgery) from MDOC for his alleged hernias and cysts, including physical and mental examinations by independent physicians and psychiatrists outside of MDOC. This he cannot do. This Court has no authority under Rule 35 to order MDOC or any defendants in this case to

provide medical treatment to Gresham for his hernias and cysts. The physical and mental examinations sought by Gresham under Rule 35 for the medical treatment of his hernias and cysts are not related to his sexual assault/rape claims against defendants Peterson and White. With regard to the claims against defendants Peterson and White, Gresham's physical and mental conditions concerning his hernias and cysts are not in controversy and are immaterial. Gresham cannot utilize Rule 35 to obtain medical treatment, i.e. physical and mental examinations by independent physicians and psychiatrists outside of MDOC, when the physical and mental examinations would be unrelated to deciding any claim or issue actually in controversy in this case.

**IV.** **Request for Transfer to Mound Correctional Facility**

Next, Gresham requests that the Court order MDOC to transfer him from the ICF to the Mound Correctional Facility. [Court Doc. No. 143, p. 11]. Gresham contends the transfer is necessary for two reasons: (1) to get Gresham away from any MDOC staff at ICF who might retaliate against him; and (2) to provide Gresham with medical treatment including an outpatient mental health program.

In his objections to the Magistrate Judge's report and recommendation, Gresham states:

> The transfer to Mound should be granted based on Mr. Gresham is on the outpatient mental health program and Mound has such facilities to provide him with treatment for his post traumatic stress syndrome disorder and depression and given there are no defendants there involved in this action it's likely Mr. Gresham could prosecute this action and communicate with the court more effectively.

[Court Doc. No. 172, p. 8].

This request for transfer is DENIED. Generally, prisoners have no inherent right under the United States Constitution to be housed in a particular prison facility. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Beard v. Livesay*, 798 F.2d 874, 876

(6th Cir. 1986). In the absence of some extraordinary or compelling reason, this Court denies motions and requests by prisoners to be transferred to different correctional facilities. The Court is required to exercise restraint and show due deference to MDOC's decisions concerning its administration and management of the Michigan prison system. *Procunier v. Martinez*, 416 U.S. 396, 404-05(1974); *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3(6th Cir. 1984).

There is no extraordinary or compelling reason here that warrants a transfer. Gresham has not met his burden of showing that it is necessary to order MDOC to transfer him to the Mound Correctional Facility. ICF provides medical services for its prisoners including an outpatient mental health program in which Gresham participates. Gresham fails to establish that the outpatient mental health program at the Mound Correctional Facility is any different or significantly better than the one at ICF.

## V.     Motion for Appointment of Counsel

Gresham makes another repetitive motion for the appointment of counsel which is again DENIED. The Court has previously denied other similar motions by Gresham seeking appointment of counsel to represent him in this case. [Court Doc. Nos. 14, 46, 50, 74, 114, 129, 130, 155, 157, 168]. The Court has not changed its mind.

In civil cases, an indigent party does not have a right under the United States Constitution to representation by a court-appointed attorney. *Mallard v. U.S. District Court*, 490 U.S. 296 (1989); *Richmond v. Settles*, 450 Fed. Appx. 448, 452 (6th Cir. 2011); *Lince v. Youngert*, 136 Fed. Appx. 779, 782 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman  v. Michigan Department of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). The Court in its discretion may request an attorney to represent a civil litigant who is unable to afford counsel pursuant to 28 U.S.C. § 1915(e)(1). The denial of

appointment of counsel will be overturned on appeal only when it results in fundamental unfairness impinging on a party's right to constitutional due process. *Lince*, 136 Fed. Appx. at 782; *Lavado*, 992 F.2d at 604-05; *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992).

The appointment of counsel in civil cases is justified only in exceptional circumstances. To determine whether exceptional circumstances exist, the Court considers the complexity of the factual and legal issues involved, the procedural posture of the case, and plaintiff Gresham's ability to represent himself. *Richmond*, 450 Fed. Appx. at 452; *Lince*, 136 Fed. Appx. at 782; *Lanier*, 332 F.3d at 1006; *Lavado*, 992 F.2d at 606. Gresham is not entitled to the appointment of counsel merely because his case may proceed to trial. *Lince*, 136 Fed. Appx. at 782-83. After considering these factors, the Court finds that it unnecessary to request an attorney to represent Gresham pursuant to 28 U.S.C. § 1915(e)(1). The Court is not persuaded that the denial of counsel will result in fundamental unfairness that impinges upon Gresham's constitutional right to due process.

**VI.**   **Motion Objecting to Discovery Depositions**

Defendants took Gresham's discovery deposition on May 18, 2012. Gresham complains that no one is taking discovery depositions on his behalf from defendants Peterson and White and other witnesses. Gresham objects to the taking of discovery depositions while he is representing himself *pro se* without appointed counsel and without medical treatment (surgery) for his hernias and cysts.

Gresham accuses defendants Peterson and White of attempting to obtain "tainted or coerced" testimony from Gresham by taking his deposition while Gresham has no way to similarly obtain evidence from the defendants. Gresham contends that this gives defendants Peterson and White an unfair advantage. [Court Doc. No. 143, p. 6]. Gresham further asserts that it is impossible for him to complete the taking of discovery depositions due to his hernias and cysts. Gresham objects to being required to give testimony under oath in his deposition without representation by appointed

counsel, and he invokes his right against self-incrimination under the Fifth Amendment to the United States Constitution. [Court Doc. No. 143, pp. 11, 12].

Gresham's motion or objection on this point is a little difficult to decipher. Gresham's objection to his discovery deposition being taken by defendants Peterson and White is DENIED. Defendants Peterson and White have every right under the Fderal Rules of Civil Procedure to expeditiously proceed with the taking of depositions and other discovery, including Gresham's deposition, in order to prepare for trial. Moreover, to the extent that Gresham may be moving to stay the taking of further discovery depositions until such time as the Court appoints counsel to represent Gresham, that motion is DENIED.

## VII.   Motion for Hearing on Alleged Bias by Court

Gresham moves the Court to hold a hearing and show cause why Magistrate Judge Greeley and District Judge R. Allan Edgar are not biased against Gresham. In other words, Gresham contends that Magistrate Judge Greeley and District Judge Edgar are biased against him and/or biased in favor of the defendants. The sole basis for this contention is that Gresham says Magistrate Judge Greeley and District Judge Edgar have issued orders and made decisions in the case that are adverse to Gresham and favorable to the defendants.

The motion for a show cause hearing is DENIED. Gresham's vague, conclusory allegations of bias are insufficient to warrant a hearing.

It appears that Gresham is in effect making a motion to disqualify Magistrate Judge Greeley and District Judge Edgar pursuant to 28 U.S.C. § 455(a). Gresham signed his objections to the report and recommendation under penalty of perjury pursuant to 28 U.S.C. § 1746. Gresham states that he wants the facts alleged in his objections to also serve as an affidavit of bias against Magistrate Judge Greeley pursuant to 28 U.S.C. §§ 144 and 455. [Court Doc. No. 172, p. 14].

The gist of the motion for disqualification is that Gresham disagrees with and objects to the orders and decisions issued by Magistrate Judge Greeley and District Judge Edgar in this case. The Court concludes that motion for a hearing and/or motion for disqualification is without merit.

28 U.S.C. § 455 provides in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party . . . .

Disqualification under § 455(a) is mandated if a reasonable person, knowing all of the relevant facts and circumstances, would question the judge's impartiality. A federal judge must recuse under § 455(a) if the judge knows of facts that would undermine the appearance of impartiality in the minds of reasonable persons. *Liteky v. United States,* 510 U.S. 540, 547-48 (1994); *Youn v. Track, Inc.,* 324 F.3d 409, 422-23 (6th Cir. 2003); *Reed v. Rhodes,* 179 F.3d 453, 467 (6th Cir. 1999); *United States v. Hartsell*, 199 F.3d 811, 820 (6th Cir. 1999); *Union Planters Bank v. L&J Development Co., Inc.*, 115 F.3d 378, 383 (6th Cir. 1997).

The standard is an objective one. *Liteky*, 510 U.S. 540; *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 865 (1988); *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). A judge need not recuse or disqualify himself based solely on the subjective view of a disgruntled party, no matter how strongly that subjective view is held. *Sammons*, 918 F.2d at 599; *Browning v. Folz*, 837 F.2d 276, 279 (6th Cir. 1988). Plaintiff Gresham bears the burden of showing that a reasonable person, knowing the facts and circumstances in this case, would believe that Magistrate Judge Greeley and District Judge

Edgar are not impartial and are biased against him or biased in favor of the defendants. *Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991).

The Court finds that Gresham fails to meet this burden. Gresham has not presented any proof or facts to establish that a reasonable person, knowing the facts and circumstances in this case, would believe that Magistrate Judge Greeley and District Judge Edgar are either biased against Gresham or biased in favor of the defendants.

Disqualification for personal bias or prejudice under 28 U.S.C. § 455 is subject to the limitation of the extrajudicial source doctrine. *Liteky*, 510 U.S. at 540; *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *Youn,* 324 F.3d at 423; *United States v. Howard,* 218 F.3d 556, 566 (6th Cir. 2000); *Reed*, 179 F.3d at 468; *Green v. Nevers*, 111 F.3d 1285, 1303-04 (6th Cir. 1997); *Sammons*, 918 F.2d at 599. The alleged bias or prejudice must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Grinnell Corp.*, 384 U.S. at 583; *accord United States v. Jamieson,* 427 F.3d 394, 405 (6th Cir. 2005); *Youn*, 324 F.3d at 423; *Sammons*, 918 F.2d at 599; *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir. 1989).

Gresham is required to allege specific, non-conclusory facts showing that Magistrate Judge Greeley and District Judge Edgar have a personal bias or prejudice that emanates from an extrajudicial source as distinguished from a judicial source, i.e. court proceedings. The alleged personal bias or prejudice must arise out of the judge's background and associations, and not from the judge's views and opinions of the law. *Youn,* 324 F.3d at 423; *Ullmo*, 273 F.3d at 681; *Consolidated Rail Corp.*, 170 F.3d at 597; *Green*, 111 F.3d at 1303-04; *United States v. Story*, 716

11

F.2d 1088, 1090-91 (6th Cir. 1983).  Plaintiff Gresham cannot make the requisite showing of personal bias or prejudice necessary for disqualification based on an extrajudicial source merely by arguing that Magistrate Judge Greeley and District Judge Edgar have made, what Gresham believes to be, erroneous or incorrect judicial decisions.

Judicial rulings alone almost never constitute a valid basis to disqualify a judge.  Only in the rarest of circumstances will a judicial decision evidence the degree of personal bias, animosity, or prejudice required for disqualification when no extrajudicial source is involved.  Almost invariably, judicial decisions may be appealed to a higher court but they are not a proper basis for disqualification under 28 U.S.C. § 455.  *Liteky*, 510 U.S. at 555; *Wilson v. Parker,* 515 F.3d 682, 701 (6th Cir. 2008); *United States v. Hynes,* 467 F.3d 951, 960 (6th Cir. 2006); *Price v. Caruso*, 2009 WL 4823868, * 2 (W.D. Mich. Dec. 9, 2009); *United States v. White*, 2009 WL 2923729, * 1 (W.D. Mich. Sept. 10, 2009); *Burnett v. Lyon*, 2007 WL 1284940, * 1 (W.D. Mich. April 30, 2007).

An opinion formed by a judge on the basis of facts introduced or events occurring in the course of judicial proceedings does not constitute a valid basis for a motion to disqualify unless the judge's opinion displays a deep-seated favoritism or antagonism that would make fair judgment impossible.  Judicial remarks and comments that are critical or disapproving of, or even hostile to, a party or to a party's case ordinarily do not support a motion to disqualify a judge on the ground of personal bias or prejudice.  *Liteky*, 510 U.S. at 555; *Alley v. Bell,* 307 F.3d 380, 388 (6th Cir. 2002); *Warfield v. Lebanon Correctional Inst.,* 181 F.3d 723, 731 (6th Cir. 1999); *Green*, 111 F.3d at 1303-04; *White*, 2009 WL 2923729, at * 2.

Plaintiff Gresham completely fails to demonstrate that Magistrate Judge Greeley and District Judge Edgar harbor a personal bias or prejudice against him emanating from an extrajudicial source.

12

Gresham has not presented any facts that would support a federal judge's disqualification or recusal under 28 U.S.C. § 455. An objectively reasonable person viewing the record in this case could not believe that Magistrate Judge Greeley and District Judge Edgar are personally biased against Gresham or personally biased in favor of the defendants.

The orders and decisions rendered by Magistrate Judge Greeley and District Judge Edgar in this case do not contain any improper comments or hostile remarks that display a deep-seated personal bias, prejudice, or antagonism against Gresham that would make fair and impartial judgment impossible. Gresham may subjectively believe that Magistrate Judge Greeley and District Judge Edgar are biased against him. However, Magistrate Judge Greeley and District Judge Edgar need not disqualify or recuse themselves based merely on the subjective views of Gresham. *Sammons*, 918 F.2d at 599; *Browning*, 837 F.2d at 279.

## VIII.  Motion for Jury Trial

Gresham makes a repetitive request for a jury trial rather than a bench trial. This request is DENIED. Gresham failed to make a timely demand for a jury trial as required by Fed. R. Civ. P. 38. Because Gresham did not comply with Rule 38, he waived his right to a jury trial.

Gresham argues that a jury trial is necessary because he believes that Magistrate Judge Greeley and District Judge Edgar are biased against Gresham and biased in favor of the defendants. This argument fails. There are no facts and probative proof showing any such alleged bias on the part of Magistrate Judge Greeley and District Judge Edgar.

## IX.  Conclusion

All of the plaintiff's objections to the report and recommendation [Court Doc. Nos. 172, 173] are DENIED. For the reasons expressed in this memorandum and order, the Court ACCEPTS and

ADOPTS the Magistrate Judge's report and recommendation [Court Doc. No. 166] pursuant to 28

U.S.C. § 636(b)(1) and W.D. Mich. LCivR 72.3(b).  Plaintiff Gresham's multi-part motion [Court

Doc. No. 143] is DENIED in its entirety.

SO ORDERED.

Date:  July 31, 2012.


_____/s/ R. Allan Edgar_____
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE

14