UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL I. GRESHAM,

        Plaintiff,                  Case No. 2:09-cv-231

v.                                    Honorable R. Allan Edgar

UNKNOWN PETERSON, et al.,

        Defendants.
_____/

**ORDER ADOPTING AND APPROVING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

U.S. Magistrate Judge Timothy P. Greeley entered a Report and Recommendation ("R&R") in this case on February 26, 2013, in which he recommended that Plaintiff's motions for preliminary injunctions [Doc. No. 233, 235, 236, 241, 246, 247], motion for sanctions [Doc. No. 244], motion to amend his previous motion for sanctions [Doc. No. 251], and motion for default judgment [Doc. No. 253] be denied. Doc. No. 255. Magistrate Judge Greeley entered another R&R in this case on April 11, 2013, in which he recommended that Plaintiff's motion for a preliminary injunction [Doc. No. 261] be denied. Doc. No. 266. This Court is required to make a de novo determination of those portions of the R&R to which objections have been filed, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

In his objections to the February 26, 2013 R&R, Plaintiff asserts that Magistrate Judge Greeley incorrectly asserted that Defendant Peterson is the only remaining defendant in this case. It appears that Magistrate Judge Greeley did incorrectly state that Defendant

Peterson is the only remaining defendant, when in fact Defendant Peterson and Defendant White are the two remaining defendants in this case. However, the Court finds Magistrate Judge Greeley's error to be harmless, and to not affect the substance of his February 26, 2013 R&R.

Plaintiff states that his motion for sanctions should not have been denied. The motion for sanctions appears to request that sanctions be entered against Defendants' counsel based on a variety of actions taken by MDOC staff. The actions alleged do not relate to the sexual assault claim at issue in this case, and Plaintiff fails to provide any evidence indicating that Defendants' counsel encouraged or was otherwise involved in the alleged actions taken by MDOC staff. Plaintiff's objection is without merit.

Within his objections to Magistrate Judge Greeley's February 26, 2013 R&R, Plaintiff requests that Magistrate Judge Greeley be recused. The Court will treat that statement as a motion to disqualify Magistrate Judge Greeley, pursuant to 28 U.S.C. § 455.

28 U.S.C. § 455 provides in part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances: (1) where he has a personal bias or prejudice concerning a party...

28 U.S.C. § 455. The standard is an objective one. Plaintiff must prove that a reasonable person, knowing all the facts and circumstances, would believe that Magistrate Judge Greeley is biased or prejudiced against him. *Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999); *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980).

Plaintiff has failed to meet this burden. Plaintiff relies on vague and conclusory assertions that Magistrate Judge Greeley has allowed Constitutional rights violations to

occur and has engaged in discrimination.  Plaintiff has failed to prove bias or prejudice on the part of Magistrate Judge Greeley.

In his objections to Magistrate Judge Greeley's April 11, 2013 R&R, Plaintiff reiterates his argument for a preliminary injunction.  Plaintiff discusses actions allegedly taken by MDOC staff that are unrelated to the subject matter of his sexual assault claim.  Since the requested injunctive relief goes beyond the subject matter of Plaintiff's pending claims, it was properly denied by Magistrate Judge Greeley.  Plaintiff's request for a change of venue is also without merit and was properly denied.

Plaintiff's objections to the February 22, 2013 R&R [Doc. No. 257] are DENIED.  Plaintiff's objections to the April 11, 2013 R&R [Doc. No. 274] are DENIED.  Magistrate Judge Greeley's R&Rs [Doc. No. 255, 266] are APPROVED and ADOPTED as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1) and W.D. Mich. L. Civ. R. 72.3(b).

SO ORDERED.

Dated:     5/8/2013                                  /s/ R. Allan Edgar
                                                     R. Allan Edgar
                                                     United States District Judge